U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

AUG 2 4 2001

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

CV01-1621-S

| | | |
|---|---|---|
| THOMAS H. PEETE | * | CIVIL ACTION NO. |
| VERSUS | * | JUDGE: JUDGE WALTER |
| | * | MAGISTRATE JUDGE: MAGISTRATE JUDGE PAYNE |
| AM-FM SHREVEPORT d/b/a CAPSTAR | * | JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1.  Plaintiff **THOMAS H. PEETE** commences this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981 and Louisiana's Anti-Discrimination Statutes, which in relevant part prohibit discrimination in employment based upon an employee's race and/or in retaliation for complaints of race discrimination.

2.  Plaintiff Peete was employed by Defendant AM-FM SHREVEPORT d/b/a CAPSTAR, sometimes referred to hereinafter as "CAPSTAR" or "KMJJ" where he was subjected to discrimination on the basis of his race, African-American. After complaining of such discrimination, Plaintiff Peete was subjected to further discrimination and ultimately was demoted.

3.  Plaintiff Peete brings this cause of action to vindicate his rights guaranteed by Title

VII, 42 U.S.C. § 1981 and Louisiana's Anti-Discrimination Statutes. Plaintiff Peete seeks the full measure of available relief, including declaratory, compensatory and punitive remedies, as well as statutory attorney's fees and costs.

## II.

### Jurisdiction

4. This Court has jurisdiction over Plaintiff Peete's Title VII claim pursuant to 42 U.S.C. § 2000e-5(f) (3). This Court has jurisdiction over both Plaintiff Peete's Title VII claim and his 42 U.S.C. § 1981 claim pursuant to 28 U.S.C. § 1331, which creates original jurisdiction for this Court over all civil actions arising under the Constitution, laws or treaties of the United States. The Court has pendant jurisdiction over state law claims.

## III.

### Parties

#### Plaintiff

5. Plaintiff Peete is a resident of Caddo Parish, Louisiana.

#### Defendants

6. Defendant AM-FM SHREVEPORT d/b/a CAPSTAR is a corporation authorized to do business in the State of Louisiana. Defendant CAPSTAR does business in the Western District of Louisiana and can be served through its registered agent for service, Greg Tole, Operations Manager at 3109 Alexander, Shreveport, Louisiana 71104.

### IV.

### **Procedural History**

7.   Plaintiff Peete filed a timely charge of discrimination in employment with the United States Equal Employment Opportunity Commission and received his right-to-sue letter therefrom on or about May 29, 2001. Plaintiff Peete has therefore satisfied all prerequisites to his Title VII claim, and there remain no unfulfilled exhaustion requirements.

### V.

### **Statement of Facts**

8.   Plaintiff Peete is an African-American male.

9.   At all times relevant hereto, Plaintiff Peete was an employee of Defendant CAPSTAR and was therefore entitled to the protections of Title VII, 42 U.S.C. § 1981 and Louisiana's Anti-Discrimination Statutes.

10.   Defendant CAPSTAR is a business with more than fifteen employees and is subject to the prohibitions against discrimination in Title VII.

11.   At all times relevant hereto, plaintiff Peete was a competent, qualified, loyal and conscientious employee.

12.   Plaintiff Peete began his employment with CAPSTAR in January 1990 as an Account Executive. Over a period of twenty (20) years in the radio industry, plaintiff developed a large base of out-of-town and large major client accounts.

13.   In November 1999, CAPSTAR and its agents, Lisa James, a white female, Regional

Sales Manager; and Tami Koonce, white female, Local Sales Manager, relieved plaintiff of his duties to service the well established client base that he developed. Plaintiff's client base was then reassigned to three (3) white females and one (1) white male some of whom had less than one (1) year of experience. Because of the action taken, plaintiff's yearly income was reduced approximately $10,000.00 from the previous year's income. When plaintiff inquired about why these actions were taken, Jerry Frentress, Acting General Manager, and white male, defended these actions by indicating that he was unaware of plaintiff's past experience in having worked the accounts in the past, therefore he had basis to change the accounts.

14. Notwithstanding documentation showing that plaintiff has successfully developed the accounts, Jerry Frentress then informed plaintiff that he was not capable of handling the accounts that the plaintiff himself had developed over a period of ten (10) years.

15. Plaintiff's demotion was preceded by a continuous and persistent environment of hostile attitudes exhibited by management toward African-American employees and specifically those assigned to KMJJ, a CAPSTAR station that services a high number of African-American citizens. CAPSTAR also manages KRMD, which primarily services white citizens.

16. CAPSTAR created a racially divisive environment against plaintiff who was employed by KMJJ by consistently indicating that the African-American employees at KMJJ needed to be educated and that they performed substandardly, while indicating white employees at KRMD were superior and therefore should be emulated. That CAPSTAR discriminates against African-Americans in hirings, firings and promotions.

17. CAPSTAR Director of Sales, Jerry Frentress, and others further engaged in racially offensive conduct by attempting to "imitate" and "affect" what was perceived by plaintiff as "African-American speech and dialect" in the presence of other African-Americans. CAPSTAR management attempted to shield these racially derogatory gestures by attempting to "disguise" them as mere jokes.

18. Based upon information and belief, defendant discriminated against plaintiff based on his race, African-American, in that a white female and white male with far less experience were reassigned plaintiff's accounts causing a substantial economic loss in salary to plaintiff.

19. Defendant, CAPSTAR, lacked a legitimate cause for the arbitrary reassignment and immediate reduction in pay. Plaintiff alleges that this action was taken because he is African-American.

20. Plaintiff has been harmed irreparably by the actions and practices of the defendant. As a result of same, plaintiff has suffered and continues to suffer humiliation, embarrassment, mental anguish and economic loss.

21. Plaintiff has complied with all jurisdictional prerequisites, as may be deemed proper and necessary under Title VII of the Civil Rights Act of 1964, as amended as follows:

22. On or about June 29, 2000, within 180 days of the alleged discriminatory conduct, plaintiff filed a written charge under oath with the Equal Opportunity Commission, alleging racial discrimination, and notice of right to sue was issued on May 29, 2001.

23. The Equal Employment Opportunity Commission has not filed a civil action in respect to these charges, nor has the Equal Employment Opportunity Commission entered into a conciliation

agreement with the parties.

24. Defendant's conduct complained of above, including actions and omissions, proximately caused Plaintiff Peete to suffer mental, emotional and psychological damages, as well as lost compensation.

25. All of AM-FM SHREVEPORT d/b/a CAPSTAR's wrongful acts and omissions as set out above were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of plaintiff Peete's rendering appropriate the award of punitive damages.

VI.

## Causes of Action

### First Cause of Action:

26. Defendant CAPSTAR's acts and omissions and demotion, as set forth above, constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

### Second Cause of Action:

27. Defendant CAPSTAR's acts and omissions, set forth above, constitute violations of plaintiff's right to equal pay for employment on the same basis as White citizens, in violation of 42 U.S.C. S 1981, Louisiana's Anti-Discrimination Statutes and Title VII.

VII.

## Jury Demand

28. Plaintiff Peete hereby demands a trial by jury on all issues so triable.

## **Prayer for Relief**

29. **WHEREFORE**, Plaintiff Peete prays this Honorable Court:

    (a) Enter declaratory judgment against Defendant CAPSTAR and in favor of Plaintiff Peete recognizing that Defendant has violated Plaintiff's rights guaranteed by Title VII, 42 U.S.C. S 1981 and Louisiana's Anti-Discrimination Statutes;

    (b) Enter judgment against Defendant in favor of Plaintiff Peete for full compensatory damages, as well as appropriate back pay and front pay, if necessary;

    (c) Enter judgment against Defendant CAPSTAR for an amount of punitive damages sufficient to punish and deter Defendant CAPSTAR's discrimination against Plaintiff Peete and other African-Americans;

    (d) Enter an injunction ordering Defendant CAPSTAR to reinstate Plaintiff Peete with full benefits, without any further harassment and/or Retaliation for Plaintiff Peete's protected activities. Alternatively, Plaintiff Peete requests an award of front pay;

    (e) Enter an award in favor of Plaintiff Peete against Defendant CAPSTAR to pay Plaintiff Peete's reasonable attorney's fees and costs, pursuant to Title VII and 42 U.S.C. S 1988;

    (f) Grant Plaintiff Peete a trial by jury on all issues so triable; and

    (g) Grant Plaintiff Peete any and all additional relief to which he appears To be entitled.

**RESPECTFULLY SUBMITTED:**

**PIPER & ASSOCIATES**
**ATTORNEYS AT LAW**
624 Pierre Avenue
P.O. Box 69
Shreveport, LA 71161
Phone: (318) 226-0826
Facsimile: (318) 4242-9900

BY: _____
CLOYD BENJAMIN, JR.
BAR ROLL NO. 25,981

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**CV01-1621-S**

| | | |
|---|---|---|
| THOMAS H. PEETE | * | CIVIL ACTION NO. |
| VERSUS | * | JUDGE: JUDGE WALTER |
| AM-FM SHREVEPORT d/b/a CAPSTAR | * | MAGISTRATE JUDGE PAYNE <br> JURY TRIAL DEMANDED |

## VERIFICATION

STATE OF LOUISIANA

PARISH OF CADDO

BEFORE ME, the undersigned Notary Public, personally came and appeared THOMAS H. PEETE, who, after being duly sworn, did depose and state:

That he has read the foregoing <u>Plaintiff's Original Complaint</u> and the allegations contained therein are true and correct to the best of his information, knowledge and belief.

_____
THOMAS H. PEETE

SWORN TO AND SUBSCRIBED before me, Notary Public, on this the 23rd day of August, 2001.

_____
NOTARY PUBLIC